IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JERONIMO DIAZ MOLINA,           )
                                )
                  Petitioner,   )
                                )
            v.                  )     1:15CV449
                                )
FRANK PERRY,                    )
                                )
                  Respondent.   )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. For the following reasons, the Petition cannot be further processed.

1. The filing fee was not received, nor was a sufficient affidavit to proceed *in forma pauperis* submitted and signed by Petitioner. Petitioner submitted an *in forma pauperis* application, but failed to disclose the amount of money presently in his prison trust account.

2. Petitioner appears to indicate that he did not exhaust his state court remedies as required by 28 U.S.C. § 2254(b). As the Court previously informed Petitioner, it cannot grant relief unless Petitioner first exhausts any state court remedies. Id. In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by raising his claim(s) in a direct appeal of his conviction and/or sentence to the North Carolina Court of Appeals followed by a petition to the Supreme Court of North Carolina for discretionary review, or by raising his claims in a Motion for Appropriate Relief ("MAR") and petitioning the North Carolina Court of Appeals for a writ of certiorari if the MAR is denied. See Lassiter v. Lewis, No. 5:11HC2082D, 2012 WL 1965434, at *4-5 (E.D.N.C. May 31, 2012) (unpublished) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and N.C. Gen. Stat. §§ 7A–31,

15A–1422). Petitioner states that he contacted North Carolina Prisoner Legal Services, but that the organization declined to help him. This does not excuse Petitioner from the exhaustion requirement. He must exhaust his state court remedies by filing the appropriate documents himself even if he cannot obtain legal representation.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 9th day of June, 2015.

                                              /s/ L. Patrick Auld
                                              **L. Patrick Auld**
                                     **United States Magistrate Judge**